UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION


ACCIDENT INSURANCE COMPANY                                PLAINTIFF

V.                                    CIVIL ACTION NO.  3:19-CV-10-KHJ-FKB


DEEP SOUTH ROOFING, LLC;
BERKLEY SOUTHEAST INSURANCE GROUP;
and LAKE CAROLINE GOLF CLUB, LLC                         DEFENDANTS

ORDER

Before the Court are Defendants Berkley Southeast Insurance Group

("Berkley") and Lake Caroline Golf Club, LLC's ("Lake Caroline") Motion for

Reconsideration [62] and Plaintiff Accident Insurance Company, Inc.'s ("AIC")

Motion to Continue [58] and Motion for Certification for Interlocutory Appeal [59].

For the following reasons, the Court denies the motions.

I.      Facts and Procedural History

These motions arise from the Court's Order dated August 17, 2021. *See* Order

[56]. In that Order, the Court denied all parties' summary judgment motions

because it found ambiguity in the Roofing Limitation Endorsement provision of

AIC's insurance policy. *Id.* at 6–7. The Roofing Limitation Endorsement states,

> For roofing operations, by or on your behalf, we do not cover damages,
> claims, loss, costs or expense arising out of "bodily injury", "property
> damage" or "personal and advertising injury" as a result of any
> operations, from initial inspection and pre-installation work to ongoing
> operations and including completed operations, involving any hot tar,
> wand, sprayed-on material, torch or heat applications, hot membrane
> roofing or any membrane roofing system requiring heat for application.

Policy [44-1] at 90. The policy does not define "roofing operations."

AIC moved the Court to certify this case for interlocutory appeal "in accordance with 28 U.S.C. § 1292(b), with a recommendation that the Court of Appeals certify the question of law addressed in [the] Court's Order to the Mississippi Supreme Court, pursuant to Rule 20(a) of the Mississippi Rules of Appellate Procedure." [59] at 1. In response, Defendants Berkley and Lake Caroline moved the Court to reconsider and alter/amend the August 2021 Order to enter judgment for Defendants "so that the parties can pursue a direct appeal . . . ." [62]. AIC counters that the Roofing Limitation Endorsement unambiguously excludes coverage but agrees with the Court that once an ambiguity is found and questions of fact remain, the questions of fact should be resolved by the trier of fact. Mem. in Opp. [67] at 1–2.

II.    Motion for Reconsideration [62]

Because Berkley and Lake Caroline filed the Motion for Reconsideration in response to the Court's Order denying summary judgment, the Court analyzes the motion under Rule 60(b). *See PHI, Inc. v. Apical Indus., Inc.*, 6:13-cv-15, 2017 WL 5196016, at *1 (W.D. La. Nov. 9, 2017). The Court may offer relief from a judgment or order under Rule 60(b) for these reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Defendants do not show how these circumstances apply here. Nor do they provide new argument that would otherwise justify relief under 60(b). As a result, the Court denies the motion.

III.   Motion for Certification for Interlocutory Appeal [59] and Motion to Continue [58]

"[A]s a general rule, parties must litigate all issues in the trial court before appealing any one issue." *Henry v. Lake Charles Am. Press LLC*, 566 F.3d 164, 171 (5th Cir. 2009). The Court may certify an otherwise-unappealable issue for immediate appeal if: (1) it involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). District courts have "unfettered discretion to deny certification, even when all three [statutory criteria] are satisfied." *Nieman v. City of Dallas*, No. 3:14-cv-3897, 2016 WL 470235, at *3 (N.D. Tex. Feb. 8, 2016). Here, the Court found the Roofing Limitation Exception was ambiguous according to its plain language and issues of fact remained. *See* [56]. Because the Court finds not all three factors are present and may deny certification even if they were, the Court denies both motions.

The Motion for Interlocutory Appeal [59] is denied and the Motion to Continue [58] is denied as moot.

3

IV.     Conclusion

The Court has considered all the arguments set forth by the parties. Those arguments not addressed would not have changed the outcome of the Court's decision. For these reasons, Defendants' Motion to Reconsider [62] is DENIED, AIC's Motion for Certification for Interlocutory Appeal [59] is DENIED, and AIC's Motion to Continue [58] is DENIED AS MOOT.

SO ORDERED AND ADJUDGED this the 9th day of May, 2022.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE